**FILED**

Diana Rhodes, #5-2734
Rhodes Law Firm, LLC
2015 Warren Avenue
Cheyenne, WY 82001
Telephone: 307.634.4444
Facsimile: 307.220-0280
diana@drhodeslaw.com

**3:20 pm, 6/27/22**

**Margaret Botkins**
**Clerk of Court**

## UNITED STATES DISTRICT COURT
### For the
### DISTRICT OF WYOMING

| | |
|---|---|
| CHERISA APPLEHUNT, as next friend of A.A., a minor, <br><br>       Plaintiff, <br><br> vs. <br><br> WALGREEN COMPANY, INC., d/b/a WALGREENS, a Foreign Corporation <br><br>       Defendant. | ) <br> ) <br> ) <br> ) Civil Action No.  22-CV-138 <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff, Cherisa Applehunt, as next friend of A.A., a minor, by and through counsel, Diana Rhodes, Rhodes Law Firm, LLC, for claims for relief against the Defendants, states and alleges upon information and belief as follows:

1.  At all times relevant to the facts alleged in the Complaint, Cherisa Applehunt and AA, a minor, were residents of Laramie County, Cheyenne, Wyoming.

2.  Defendant Walgreen Company Inc., d/b/a Walgreens (hereinafter "Walgreens") pharmacy is a retail pharmacy in Cheyenne, Wyoming, and is in the business of filling and selling prescription drugs. Walgreens Pharmacy filled medications for Cherisa Applehunt to give to A.A.

3.  Walgreens is a duly organized for-profit corporation with headquarters in Illinois, and pursuant to the laws of Illinois.

4.      Defendant is sued both directly for the negligent actions of the corporation and/or management, and vicariously, on theories of principal-agent, for the actions and omissions of their Pharmacist in Charge, staff pharmacists, and employees and agents who were involved in the hereafter complained of series of negligent incidents.

5.      The events giving rise to this action occurred in Laramie County, Wyoming.

6.      The amount in controversy, exclusive of costs and interests, exceeds seventy-five thousand dollars ($75,000). Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §1332 (a)(1) and (2).

## GENERAL ALLEGATIONS

7.      Plaintiff incorporates paragraphs 1 – 6 and makes the same a part hereof as if fully set forth herein.

8.      On July 2, 2016, A.A., a minor, was born. It was determined baby A.A. had Gastroesophageal Reflux Disease (GERD).

9.      On September 23, 2016, Cherisa Applehunt, A.A.'s mother, was given a prescription for Zantac (a Histamine Type-2 receptor antagonist) to treat A.A.'s GERD. The prescription ordered was for A.A. to be given 36 mg per day.

10.     Cherisa Applehunt went to Walgreens in Cheyenne, Wyoming to get the Zantac prescription filled.

11.     The pharmacist at Walgreens erroneously and negligently filled the Zantac prescription for 150 mg per day instead of 36 mg per day.

12.     Ms. Applehunt never knew the correct dosage nor saw the prescription because it was sent directly to the pharmacy from the physician. She did not know giving A.A. 150 mg per

day of Zantac was incorrect, over four times the amount her baby should have been given, and twice the recommended maximum dose.

13.     As a result of Walgreens' negligence, Baby A.A. was unknowingly given an overdose of the Zantac prescription from approximately September 23rd through October 12, 2016, or approximately three weeks.

14.     Ms. Applehunt immediately noticed some concerning changes in in her baby, including but not limited to lethargy, paleness, abnormal bowel movements, severe constipation, and excessive fussiness, and abnormal breathing and desaturated oxygen levels. The baby would scream in pain from impacted bowels.

15.     The incorrect dosage of Zantac aggravated A.A.'s GERD and other symptoms.

16.     Eventually, every time A.A. would receive Zantac, she would throw up.

17.     Cherisa Applehunt thought perhaps A.A. was allergic to Zantac, so she took her back to see the pediatrician and brought the prescription bottle.

18.     When the pediatrician saw the prescription bottle, he was alarmed and informed Ms. Applehunt that he did not prescribe the dosage A.A. was being given. The pediatrician told Ms. Applehunt to immediately discontinue giving Zantac to A.A. and to take her to a specialist for her severe constipation made worse by the Zantac overdose.

19.     Ms. Applehunt subsequent had A.A. examined by a pediatric specialist at Children's Hospital in Denver. The specialist prescribed A.A. medication and advised her parents that normal peristalsis of the colon was not "doing their job," and that the normal peristalsis of the bowels was not functioning properly. They were also informed that A.A will more likely than not need to take medication for the rest of her life for her severe constipation.

## FIRST CAUSE OF ACTION
### Professional Malpractice by Defendant Walgreens

20. Plaintiff incorporates paragraphs 1 – 19 and makes the same a part hereof as if fully set forth herein.

21. The Wyoming Pharmacy Act places upon pharmacies, Pharmacist in Charge (PIC), and staff pharmacists' responsibilities as it relates to the protecting patients, identifying and reporting improper prescriptions.

22. Defendant Walgreens had a duty to exercise reasonable and ordinary care, skill, and ability to fulfill the correct dosage of the prescription, ordinarily employed under similar circumstances by members of their profession, and to use reasonable care and diligence along with their best judgment in the application of that skill.

23. Defendants Walgreens had a duty to correctly fill A.A.'s prescription per physician instructions.

24. Defendant Walgreens failed to correctly fill A.A.'s prescription per physician instructions.

25. Defendant Walgreens failed to identify the incorrect prescription Zantac dosage filled for A.A.

26. Defendant Walgreens failed to exercise reasonable and ordinary care, skill, and ability to fulfill the correct dosage of the prescription, and was the direct and proximate cause of A.A.'s injuries and damages.

27. Upon recognizing incorrect dosage, a pharmacist shall take appropriate steps to avoid or resolve the problem which shall, if necessary, include consultation with the prescriber.

28. Defendant Walgreens breached these duties by incorrectly filling A.A.'s Zantac prescription, not identifying the error, and not contacting Cherisa Applehunt or her pediatrician.

29. Defendant Walgreens, as the employer of its pharmacists, is liable for its Pharmacists' acts of negligence, which were performed in the scope of employment for Defendant Walgreens.

30. As a result of the acts of Defendant Walgreens and its staff, A.A. has suffered injury and harm.

## SECOND CAUSE OF ACTION
### Negligence of Defendant Walgreens

31. Plaintiff incorporates paragraphs 1 – 30 and makes the same a part hereof as if fully set forth herein.

32. When Defendant Walgreens and its pharmacist sold Plaintiff a prescription Zantac, they impliedly warranted that they used due care in filling the prescription.

33. Defendant Walgreens violated this warranty, as the prescription sold to Plaintiff was filled incorrectly.

34. Defendant Walgreens had a nondelegable duty to provide Plaintiff with the correct prescription.

35. Defendant Walgreens breached this duty by failing to ensure Plaintiff received the correct prescription as prescribed.

36. As a direct and proximate result of the above-mentioned conduct, all of which was negligent and substandard, A.A. was injured and damaged as previously described in this Complaint and is entitled to damages as allowed under applicable Wyoming law.

37. Plaintiff seeks recovery for damages caused by the direct negligence of Defendant, as well as the negligence of their agents, servants and employees, including, but not limited to, all damages allowable for the injuries and harms to A.A..

## THIRD CAUSE OF ACTION
### Agency/Respondeat Superior of Defendant Walgreens

38. Plaintiff incorporates paragraphs 1 – 37 and makes the same a part hereof as if fully set forth herein.

39. Defendant Walgreens' employees negligently filled Plaintiff's prescription while they were acting as an agent, servant, and/or employee of Defendant Walgreens.

40. Defendant Walgreens' employees actions were within the scope of their agency while furthering the business interests of Defendant Walgreens.

41. As the principals for Defendant Walgreens' employees, Defendant Walgreens is responsible for all acts and omissions committed by their employees within the scope of their agency.

42. As a direct and proximate result of the above-mentioned conduct, all of which was negligent and substandard, A.A. was injured and damaged as previously described in this Complaint and is entitled to damages as allowed under applicable Wyoming law.

<strong>Damages</strong>

43. Plaintiff incorporates paragraphs 1 –427 and makes the same a part hereof as if fully set forth herein.

44. As a direct and proximate result of the above-mentioned conduct, all of which was negligent and substandard, A.A. was injured and damaged in the following particulars:

    a.  Damages for temporary and permanent pain and suffering; emotional distress, and loss of enjoyment of life;

    b.  Temporary loss of physical functioning;

    c.  Temporary and permanent medical expenses, past and future;

    d.  Mental and emotional distress;

e.  Other pecuniary losses to Plaintiff arising from the injuries suffered in an amount to be proven at trial.

WHEREFORE, Plaintiff requests that judgment be entered in her favor and against Defendant Walgreens, for damages in such amount as the trier of fact determines to be just and proper, for costs of this action; and for post-judgment interest, costs, expert witness fees and such other and further relief as this Court deems just and proper in these circumstances.

DATED this 27th day of June, 2022.

Cherisa Applehunt, as next friend of A.A., a minor

Diana Rhodes, Esq.  #5-2734
Rhodes Law Firm, LLC
2015 Warren Ave.
Cheyenne, WY  82001
(307) 634-4444
diana@drhodeslaw.com

*Attorney for Plaintiff*