FILED

IN THE UNITED STATES DISTRICT COURT

10:17 am, 5/11/23

**U.S. Magistrate Judge**

FOR THE DISTRICT OF WYOMING

---

CHERISA APPLEHUNT, as next of
friend of A.A., a minor,

        Plaintiff,

vs.

WALGREENS COMPANY, INC. d/b/a
WALGREENS, a Foreign Corporation,

        Defendant.

Case No.  22-CV-138-KHR

---

## ORDER ON THE PARTIES' MOTIONS IN LIMINE

Before the Court are the parties' Motions in Limine. (ECF No. 34); (ECF No. 36).

Defendant seeks to exclude the evidence and argument relating to: Ranitidine and links to

cancer; ranitidine and long-term constipation; Plaintiff's emotional distress and damages;

links between the overdose and hemorrhoids in Plaintiff; testimony from Plaintiff;

information of liability insurance; offers of compromise; golden rule argument; and

unproven damages. (ECF No. 36, at 2). Plaintiff does not oppose some of these requests.

(ECF No. 40). In addition, Plaintiff seeks to exclude evidence or argument of: collateral

sources; improper injury arguments including litigation lotto, secondary gain, insurance

crisis/harm to pharmacies/pharmacists, financial status of Plaintiff and Defendant, and

exaggeration or malingering; the Board of Pharmacy Documents; and arguing affirmative

defenses without evidence. (ECF No. 34, at 1–2). Similarly, Defendant does not oppose

some of these requests. (ECF No. 41).

## BACKGROUND

The facts relevant to the dispute at issue are fairly straightforward. Plaintiff was

born July 2, 2016. (ECF No. 35, at 2). A few months later, she was diagnosed with

Gastroesophageal Reflux Disease ("GERD"), and her doctor prescribed .6 mL of Zantac[1]

twice a day. *Id.* Walgreens dispensed the prescription, but gave directions to take 5 mL

twice a day.[2] *Id.* Plaintiff began taking Zantac on September 26, 2016, but due to the

labeling error it was administered at a higher dose than prescribed. *Id.* at 2. On October 12,

2016, Plaintiff's mother brought her to the prescribing doctor with complaints of

drowsiness and constipation. *Id.* At that time, the doctor discovered the error in the dosage

and discussed it with the mother. *Id.* The overdosage of Zantac is the core of Plaintiff's

claims.

## RELEVANT LAW

"A motion in limine is a request for guidance by the court regarding an evidentiary

question, which the court may provide at its discretion to aid the parties in formulating trial

strategy." *Edens v. The Netherlands Insurance Company*, 834 F.3d 1116, 1130 (10th Cir.

2016) (quoting *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995). A ruling on a motion in

limine can be to either find evidence inadmissible or admissible. Though these rulings can

save time and streamline trial, "a court is almost always better situated during the trial to

---

[1] Zantac is also known as Ranitidine. (ECF No. 32, at 1).
[2] As characterized in Defendant's Motion the prescription was for 18 mg a day, but the dosage on the bottle read 150 mg a day. (ECF No. 32, at 2).

assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007). Unless the evidence is plainly inadmissible, a court should withhold ruling until trial. *Id.*

To hold evidence inadmissible, the moving party carries the burden to prove the evidence cannot be admitted on any ground. *First Sav. Bank, FSB v. United States Bancorp*, 117 F. Supp. 2d 1078, 1082 (D. Kan. 2000). In ruling on the admissibility, a court relies on the Federal Rules of Evidence. The grant or denial of a motion in limine is preliminary and within the discretion of the trial court. *Edens*, 834 F.3d at 1130. A denial means a court cannot decide admissibility outside the context at trial, not that the evidence is admissible. *First Sav. Bank, FSB*, 117 F. Supp 2d at 1082. Granting a motion in limine does not prevent the court from altering its ruling at trial. *Id.* In either event, a party is not relieved of their duty to voice objections or offers of proof at trial. *Thweatt v. Ontko*, 814 F.2d 1466, 1470 (10th Cir. 1987). Any ruling is reviewed for abuse of discretion. *Den Hartog v. Wasatch Academy*, 129 F.3d 1076, 1092 (10th Cir. 1997).

### RULING OF THE COURT

Like in Defendant's *Daubert* Motion, the Court will note that the parties cite to the Wyoming Rules of Evidence in its Motion. Aside from some exceptions, generally the Federal Rules of Evidence govern in diversity cases. *Sims v. Great American Life Ins. Co.*, 469 F.3d 870, 880 (10th Cir. 2006).[3] Second, as Plaintiff points out, Defendant failed to confer prior to filing its Motion. (ECF No. 40, at 1–2). Local Rule 7.1(b)(1)(A) requires a

---

[3] Two relevant exceptions here are the collateral source rule and competency of a witness to testify.

party to confer prior to the filing of any non-dispositive motion. As many of Defendant's requests are unopposed, a conferral would have resolved many of the issues.[4] Last, Defendant's Motion is eighteen pages, seventeen of which provide substantive argument. Under Local Rule 7.1(b)(1)(C) briefs are limited to ten pages unless a party seeks leave of the Court. Defendant did not do so here. While the Court is entitled to deny Defendant's Motion for non-compliance with the Local Rules, it will once again address the Motion on the merits.

### *Defendant's Motions in Limine*

Defendant makes nine requests in its Consolidated Motion in Limine. Requests 1, 2, 3, 4, and 9 are denied. Requests 5, 6, 7, and 8 are granted.

### 1. Evidence and argument about Ranitidine and alleged links to cancer

This issue was addressed in the Court's Order on Defendant's Motion to Limit Testimony of Plaintiff's Designated Medical Expert Dr. Joel Koenig is Denied and will not be readdressed here.

### 2. Evidence and argument about Ranitidine and long-term constipation

This issue was addressed in the Court's Order on Defendant's Motion to Limit Testimony of Plaintiff's Designated Medical Expert Dr. Joel Koenig is Denied and will not be readdressed here.

---

[4] Plaintiff attempted to confer for her motion, but did not receive a response.

### 3. Evidence and Argument about Plaintiff's Emotional Distress Damages

Defendant argues that evidence and argument on emotional distress damages should be precluded as irrelevant and prejudicial. (ECF No. 36, at 8). Primarily, Defendant's argument relates to emotional distress damages resulting from Plaintiff's fear of having cancer for the rest of her life. *Id.* In response, Plaintiff argues she suffers emotional harm at school from the embarrassment of her constipation issues and exposure to a probable carcinogen that will affect her future medical treatment. (ECF No. 40, at 9–11).

Beginning with the constipation issues, Plaintiff certainly has evidence of emotional damages. Under Wyoming law, emotional distress damages are recoverable in a negligence action when accompanied by a physical injury. *Long-Russell v. Hampe*, 2002 WY 16, ¶ 10, 39 P.3d 1015, 1017 (Wyo. 2002). At issue here is an issue of causation. Plaintiff has argued, and provided support, that the overdose of Ranitidine could have caused her constipation issues. Should a jury find that the overdose did cause her constipation issues, it would follow she could recover emotional damages because it stems from an accompanying physical injury. The same analysis applies to the potential of developing cancer. The probative value of offering this evidence to the jury is not outweighed by its prejudicial effect as the evidence is highly relevant to what emotional damages, if any, Plaintiff has suffered. While Defendant may dispute the causation aspect, that issue is for the jury to decide.

Additionally, these are garden variety emotional damages as Plaintiff has not claimed a specific mental disorder or that it is unusually severe. *E.E.O.C. v. The Vail Corp.*, No. 07-cv-02035-REB-KLM, 2008 WL 4489256, at *3–4 (D. Colo. Oct. 2, 2008). Plaintiff

is not required to offer an expert on these damages as it is within a jury's province to determine these damages based on the evidence presented. *McCrary v. Country Mut. Ins. Co.*, No. 13-CV-507-JED-PJC, 2014 WL 314777, at *2 (N.D. Okla. Jan. 28, 2014) ("If Plaintiffs intend to make a "garden variety" emotional distress claim, there is no basis for a computation. The matter is left to the discretion of the jury").

**4. Evidence and arguments about hemorrhoids**

Defendant next seeks to exclude evidence and argument about hemorrhoids. (ECF No. 36, at 12). Specifically, Defendant argues Plaintiff has not produced any evidence of hemorrhoids and she has never been diagnosed with one. However, Plaintiff has produced evidence of her constipation. It logically follows that she may suffer from hemorrhoids as a result of the constipation. Plaintiff's mother will testify that Plaintiff has suffered from hemorrhoids. Eyewitness testimony is sufficient as hemorrhoids are not so complicated of a medical diagnosis to require a physician.  Additionally, the nature of hemorrhoids and over the counter treatment make it unlikely a person would go to a physician for treatment unless exceptionally severe.

**5. Testimony from Plaintiff**

Defendant seeks to exclude testimony from Plaintiff as she is a child. Plaintiff does not intend to offer her as a witness and does not oppose the request. Accordingly, it is granted.

**6. Preclusion of liability insurance**

Defendant seeks to exclude evidence concerning any liability insurance. Plaintiff does not oppose the request. Accordingly, it is granted.

**7. Offers of compromise**

Defendant seeks to exclude evidence relating to evidence of compromise or offers of compromise. Plaintiff does not oppose the request. Accordingly, it is granted.

**8. Golden rule arguments**

Defendant opposes any potential golden rule or reptilian argument. Plaintiff asks that the motion be denied.

Generally, parties may not "explicitly request a jury to place themselves in the plaintiff's position and do unto him as they would have him do unto them." *Moody v. Ford Motor Co.*, 506 F. Supp. 2d 823, 836 (N.D. Okla. 2007) (quoting *Stokes v. Delcambre,* 710 F.2d 1120, 1128 (5th Cir. 1983)). These arguments are classified as "golden-rule" or "reptilian" arguments. Golden-rule or reptilian arguments are improper because they encourage jurors to deviate from their neutral fact-finding role and decide the case on personal interest or bias. *Blevins v. Cessna Aircraft Co.*, 728 F.2d 1576, 1580 (10th Cir. 1984). Counsel may not: "ask the jury to award damages as if the jurors themselves had been harmed; ask the jury to consider punishment as a factor in addressing liability; ask that the jury send a message; or ask the jury to consider injuries to non-parties[.]" *Infiesta-Montano*, 2019 WL 7630627, at *6 (citing *Moody*, 506 F. Supp. 2d at 836).

Such arguments can confuse the jury and this District generally does not allow "golden-rule" arguments. Additionally, the nature of opening statements and closing arguments make it difficult for an opposing party to object to improper statements. Accordingly, Defendant's request is granted.

### 9. Unproven damages

Last, Defendant requests Plaintiff to be prohibited from offering any evidence of future damages. The Court is not properly situated to grant or deny this request until evidence is presented at trial. Accordingly, it is denied.

***Plaintiff's Motion in Limine***

Plaintiff makes four requests in her Motion in Limine. Requests 1 and 2 are granted in part and denied in part. Requests 3 and 4 are denied.[5]

### 1. Collateral source

Plaintiff argues the collateral source rule prohibits testimony that a plaintiff has been compensated for expenses from one or more independent sources. Generally, the Federal Rules of Evidence govern in diversity cases. "Nevertheless, it is well recognized that Congress did not intend the procedural rules to preempt the so-called 'substantive' state rules of evidence, such as the parol evidence rule, the collateral source rule, or the statute of frauds; although the application of these rules will affect the admissibility of some evidence, they in reality serve substantive state policies regulating private transactions." *Blanke v. Alexander*, 152 F.3d 1224, 1231 (10th Cir. 1998). Wyoming has adopted the collateral source rule. *Miller v. Campbell County*, 901 P.2d 1107, 1112 (Wyo. 1995).

Defendant objects on the bases there are two instances that Plaintiff could open the door, permitting evidence of collaterally sourced payments. The Court will grant Plaintiff's request to the extent Defendant cannot unilaterally offer evidence in violation of the rule.

---

[5] Plaintiff filed a Reply on May 10, 2023, the day before the Final Pretrial Conference. Pursuant to the Initial Pretrial Order, the parties are only permitted a motion and response for motions in limine and the Reply was not considered. (ECF No. 14, at 6).

However, should Plaintiff open the door, Defendant may request a sidebar to seek leave to introduce evidence of collateral source benefits.

### 2. Improper jury arguments

Plaintiff seeks to prohibit Defendant from making arguments such as litigation lotto, secondary gain, insurance crisis/harm to pharmacies/pharmacists, financial status of Plaintiff and Defendant, and exaggeration or malingering. Defendant's opposition is based on that it should be able to present evidence of other medical conditions Plaintiff may have and that the overdose is not the cause of her current symptoms. To that extent, Plaintiff's request is denied. Defendant may certainly offer evidence disputing causation and other medical conditions that may be the underlying cause of her symptoms. However, Defendant may not offer evidence or argument in an attempt to paint an improper motive on Plaintiff for bringing the suit at bar. Similar to reptilian or golden rule arguments, these sort of tactics are irrelevant and highly prejudicial.

On the same note, Defendant also may not argue that a verdict in favor of Plaintiff would harm the pharmaceutical system, increase prescription costs or cause significant financial harm to Defendant. The effect of a verdict is not relevant as a jury is tasked with weighing the evidence before it and determining whether a plaintiff has met his or her burden of proof. *U.S. v. Mass*, No. 97-2118, 1997 U.S. App. LEXIS 36140, at *12 (10th Cir. Dec. 22, 1997) (Unpublished). Considering the effects of a favorable or unfavorable verdict are highly prejudicial and irrelevant in determining liability or other elements of a case. Accordingly, this sort of argument warrants exclusion over Federal Rule of Evidence 403. However, Defendant may offer evidence to paint a full picture as argued in its

Response should the situation arise. Before doing so, Defendant shall request a side bar to seek leave and offer an explanation why the evidence is needed.

### 3. Board of Pharmacy Documents

Plaintiff seeks an order allowing her to admit a settlement agreement between Defendant and the Wyoming Board of Pharmacy wherein Defendant admitted liability for its actions. In response, Defendant asserts it has admitted it breached the standard of care and admitting the documents would be unduly prejudicial. The Court will take Defendant's statement as a judicial admission. *Koch v. Koch Industries, Inc.*, 996 F. Supp. 1273, 1277 (D. Kan. 1998); *Wells Fargo Bank, N.A. v. Mesh Suture, Inc.*, 31 F.4th 1300, 1313 (10th Cir. 2022). Considering that Defendant has admitted breach, admitting the settlement documents are not relevant as liability is not at issue. The jury will be tasked with determining causation and damages, which are outside the settlement's relevance to the case. Admitting the documents, and any related witnesses, would be unnecessarily cumulative and unduly prejudicial to Defendant. Accordingly, Federal Rules of Evidence 403 warrants their exclusion.[6]

### 4. Affirmative defenses without evidence

Last, Plaintiff seeks to exclude Defendant's argument of their affirmative defenses to which it has not produced evidence. This is an improper motion at this time as it effectively seeks dismissal or summary judgment. The deadline for those motions has passed and it would be improper for the Court to preclude certain defenses in this setting.

---

[6] This ruling is conditional upon a representation/clarification by Defendant at the Final Pretrial Conference that it has admitted liability for all claims against it, and the only issues remaining are causation and damages. Should liability still be at issue, the Court will revisit the ruling on this issue.

Additionally, the Court is not prepared to take Plaintiff's assertion that there is no evidence as true outside the context of trial. Accordingly, Plaintiff's request is denied.

## CONCLUSION

"A ruling on a motion in limine is no more than a preliminary, or advisory opinion that falls entirely within the discretion of the district court." *Edens*, 834 F.3d at 1130 (quoting *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994)). The Court reserves its right to reverse its current rulings at trial should it become necessary. The parties shall proceed as outlined in this Order.

NOW, THEREFORE, IT IS ORDERED Defendant's Motion in Limine is granted in part and denied in part.

IT IS FURTHER ORDERED Plaintiff's Motion in Limine is granted in part and denied in part.

Dated this 11th day of May, 2023.

Kelly H. Rankin
United States Magistrate Judge

11