

FILED

11:09 am, 8/31/23

Margaret Botkins
Clerk of Court

JURY INSTRUCTION NO. <u>1</u>

Members of the Jury,

We are about to begin the trial of the case about which you have heard some details during the process of jury selection.  Before the trial begins, however, there are certain instructions you should have in order to better understand what will be presented before you and how you should conduct yourself during the trial.

The party who brings a lawsuit is called Plaintiff.  In this action the Plaintiff is a minor represented by her mother, Cherisa Applehunt.  The party against whom the suit is brought is called Defendant.  In this action the Defendant is the Walgreens Company, Inc.

This case arises out of Plaintiff's contention that Defendant Walgreens was negligent and that the negligence caused harm to A.A.  Defendant Walgreens admits it breached the standard of care.

Plaintiff contends that Defendant Walgreens' erroneous twice daily overdose of Zantac to A.A. caused her to have chronic constipation.

Defendant denies Plaintiff's contention and asserts that the overdose of Zantac did not cause any harm to A.A.

By your verdict you will decide disputed issues of fact.  I will decide all questions of law that arise during the trial, and before you retire to deliberate at the close of the case, I will instruct you on the law that you must follow and apply in deciding upon your verdict.

Since you will be called upon to decide the facts of this case, you should give careful attention to the testimony and evidence presented for your consideration, bearing in mind that I will instruct you at the end of trial concerning the manner in which you should determine the credibility or "believability" of each witness and the weight to be given to his or her testimony.

During the trial, however, you should keep an open mind and should not form or express any opinion about the case one way or the other until you have heard all of the testimony and evidence, the closing arguments of the lawyers, and my instructions to you on the applicable law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers.  It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  You should not show prejudice against an attorney or his client because the attorney has made objections.  You should not infer or conclude from any rulings or other comment I may make that I have any opinions on the merits of the case favoring one side or the other.  And if I sustain an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question itself.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing with regard to questions of law or procedure that require consideration by the Court alone.  On some occasions you may be excused from the courtroom for the same reason.  I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

JURY INSTRUCTION NO. 2

I will briefly summarize Plaintiff's and Defendant's contentions.  Please keep in mind these contentions are just that.  They are not evidence, but simply a brief summary of what each party contends.

**Plaintiff —** Plaintiff contends the twice daily overdose of Ranitidine (Zantac) for 20 days caused chronic severe constipation to her child, A.A.  As a result of these injuries, A.A. suffers embarrassment when having to have a bowel movement, and was placed on a "503" program at her school to allow her time to go to the nurse's office when needing a bowel movement, or to stay home that day if needed.  After having a painful bowel movement, A.A. has diarrhea, often uncontrolled.  Plaintiff has made claims for physical pain, emotional pain and suffering, and permanent harm.  Plaintiff has made no claim for medical expenses, past or future. Plaintiff contends that the medical records and medical principles support Plaintiff's claim that A.A. suffered permanent harm as a result of the overdose.

**Defendant —** Defendant admits it breached the standard of care by mislabeling A.A.'s prescription, which resulted in the instructions on the bottle directing her to take more than the amount prescribed by her treating physician. However, Defendant denies that the mislabeling of A.A.'s prescription was the proximate cause of any of the damages claimed in this matter. Defendant contends that neither A.A.'s medical records nor accepted medical science support a claim that A.A. suffered any injury as a result of the medication labeling error.

JURY INSTRUCTION NO. 3

This case will proceed in the following order:

First, counsel for Plaintiff may make an opening statement outlining Plaintiff's case.  Then, counsel for Defendant may also make an opening statement outlining its case immediately after Plaintiff's statement, or defer the making of an opening statement until the conclusion of the Plaintiff's case.  No party is required to make an opening statement.  What is said in opening statement is not evidence, but is simply designed to provide you with an introduction as to the evidence which the party making the statement intends to produce.

Second, Plaintiff will introduce evidence in support of his claims.  At the conclusion of the Plaintiff's case, Defendant may introduce evidence.  The Defendant, however, is not obliged to introduce any evidence or to call any witnesses.  If the Defendant introduce evidence, Plaintiff may then introduce rebuttal evidence.

Third, after closing arguments have been presented, I will then instruct you on the law which you are to apply in reaching your verdict.

Fourth, the parties may present closing arguments to you as to what they consider that the evidence has shown and as to the inferences which they contend you should draw from the evidence.  What is said in closing argument, just as what is said in opening statement, is not evidence.  The arguments are designed to present you the contentions of the parties based on the evidence introduced.  The Plaintiff has the right to open and to close the argument.

JURY INSTRUCTION NO. <u>4</u>

The burden is on Plaintiff in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.  This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proven by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Likewise, the burden is on Defendant to prove by a preponderance of the evidence, every essential element of an affirmative defense asserted by it.

JURY INSTRUCTION NO. <u>5</u>

Generally speaking, there are two types of evidence that are presented during a trial – direct evidence and circumstantial evidence.  "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact such as an eyewitness.  "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence.  You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

JURY INSTRUCTION NO. 6

As I have stated, the evidence in this case will consist of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been judicially noticed, and which I instruct you to take as true for purposes of the case.

It is worth emphasizing that statements and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Depositions may also be received in evidence. Depositions contain sworn testimony, with counsel for each party being entitled to ask questions. Testimony produced in a deposition may be read to you in open court or may be played for you from a video recording. Deposition testimony may be accepted by you, subject to the same instructions which apply to witnesses testifying in open court.

The Court may take judicial notice of certain facts or events. When the Court declares that it will take judicial notice of some fact or event, you must accept that fact as true.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded by the jury.

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testified. You are permitted to draw, from

the facts which you find have been proved, such reasonable inferences as you feel are justified in the light of your experience.

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony.  I urge you to pay close attention to the testimony as it is given.

JURY INSTRUCTION NO. <u>7</u>

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

JURY INSTRUCTION NO. <u>8</u>

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

JURY INSTRUCTION NO. <u>9</u>

During the course of a trial, I may occasionally ask questions of a witness, in order to bring out facts not then fully covered in the testimony.  Please do not assume that I hold any opinion on the matters to which my questions may have related.  Remember that you, as jurors, are at liberty to disregard all comments of the Court in arriving at your own findings as to the facts.

JURY INSTRUCTION NO. 10

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying. However, the form of testimony, whether live, by videoconference, or deposition; should not be weighed differently on that basis alone.

Consider the witness' ability to observe the matters as to which he has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  Two or more persons witnessing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves.   In short, you may accept or reject the testimony of any witness, in whole or in part.

JURY INSTRUCTION NO. 11

You may not receive information about this case from any source other than what you are presented in this Courtroom concerning the case. That means do not "google" any party or lawyer or court personnel in this case; do not conduct any research whatsoever on the Internet about this case or the parties or facts involved in it; you may not "blog" about the case or events surrounding the case or your jury service; you may not "tweet" about anything to do with the parties, events or facts in this case or your jury service in this case. Do not send any email to anyone conveying your jury experience or information about this case. In the jury room, you are not to use your cell phone at recesses or lunch to call anyone to ask questions about issues in the case or to report facts about this case. You may not use Facebook, YouTube, Twitter, Instagram, or any other "social" network on the Internet to discuss your jury service or issues in this case or people involved in the case, including the lawyers. Do not attempt to recreate by experiment at home any evidence which you hear as testimony in this Courtroom. Failure to abide by these instructions could result in your being found in contempt of court, or cause the trial to end.

JURY INSTRUCTION NO. <u>12</u>

      The Court will permit jurors to take notes during the course of this trial.  You, of course, are not obliged to take notes.  If you do not take notes you should not be influenced by the notes of another juror, but rely upon your own recollection of the evidence.

      Note taking must not be allowed to interfere with the ongoing nature of the trial or distract you from what happens here in Court.  Notes taken by any juror, moreover, are not evidence in the case and must not take precedence over the independent recollection of the evidence received in the case.  Notes are only an aid to recollection and are not entitled to any greater weight than actual recollection or the impression of each juror as to what the evidence actually is.  Any notes taken by any juror concerning this case should not be disclosed to anyone other than a fellow juror.

JURY INSTRUCTION NO. <u>13</u>

After the evidence has been heard and arguments and instructions are concluded, you will retire to consider your verdict.  You will determine the facts from all the testimony that you hear and the other evidence that is submitted.  You are the sole and exclusive judges of the facts, and in that field neither I nor anyone else may invade your province.

On the other hand, and with equal emphasis, I instruct you that you are bound to accept the rules of law that I give you whether you agree with them or not.

The law of the United States permits the judge to comment on the evidence in the case during the trial or in instructing the jury.  Such comments are only expressions of the judge's opinion as to the facts; and the jury may disregard them entirely, since the jurors are the sole judges of the facts.

JURY INSTRUCTION NO. <u>14</u>

MEMBERS OF THE JURY:

Now that you have heard the evidence, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case.  You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.  Neither are you to be concerned with the wisdom of any rule of law stated by me.

Counsel may quite properly refer to some of the governing rules of law in their arguments.  If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you are of course to be governed by the Court's instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is.  It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be governed by sympathy, prejudice or public opinion.  All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

JURY INSTRUCTION NO. <u>15</u>

Certain charts and summaries have been shown to you to help explain the evidence in this case. Their only purpose is to help explain the evidence. These charts and summaries are not evidence or proof of any facts, they are demonstrative exhibits and will not be available to you as you deliberate. You must rely on your recollection of the testimony and the facts presented.

JURY INSTRUCTION NO. <u>16</u>

A plaintiff has the burden in a civil action, such as this, to prove every essential element of Plaintiff's claim by a preponderance of the evidence. If Cherisa Applehunt has failed to establish any essential element of her claims by a preponderance of the evidence, you should find for Defendant Walgreens as to those claims. Likewise, the burden is on the Defendant to prove by a preponderance of the evidence every essential element of an affirmative defense asserted by it.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and comparing with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

JURY INSTRUCTION NO. <u>17</u>

In this action, the Plaintiff has the burden of proving by a preponderance of the evidence all of the facts necessary to prove the following:

      1)      That the negligence of the Defendant Walgreens was a cause of harm to Plaintiff A.A.;

      2)      The nature and extent of the harms and losses claimed to have been suffered, and the elements of the harms and losses, and the amount thereof.

The Defendant Walgreens has the burden of establishing by a preponderance of the evidence all of the facts necessary to prove the following:

      1)      Plaintiff Cherisa Applehunt, as next of friend of A.A., has failed to mitigate A.A.'s damages.

In determining whether an issue has been proved by a preponderance of the evidence, you should consider all of the evidence bearing upon that issue regardless of who produced it.

JURY INSTRUCTION NO. <u>18</u>

Whether any party has insurance is irrelevant to the issues you must decide.  You are specifically instructed that you shall not consider any kind of insurance or other benefits during your deliberations on any issue.

JURY INSTRUCTION NO. <u>19</u>

It is admitted by Walgreens, the Defendant, that it was negligent and breached the standard of care for a pharmacy, resulting in an overdose of the Zantac for Plaintiff A.A., represented by her mother Cherisa Applehunt.

Because of the above admission, the questions remaining for your determination are: (1) whether the overdose of Zantac caused injury and damage to A.A.; (2) what element(s) of damages, if any, were suffered by A.A. as a result of the overdose; and (3) the amount of damages, if any.

The Defendant Walgreens' admissions with respect to its negligence should neither prejudice nor influence you in determining the issues of causation and damages.

JURY INSTRUCTION NO. <u>20</u>

An injury or damage is caused by an act, or a failure to act, whenever it appears from the evidence that the act, or failure to act, played a substantial part in bringing about the injury or damage.

JURY INSTRUCTION NO. <u>21</u>

The negligence, if any, of a defendant is not a "cause" of any damages to a plaintiff unless injury to a person in the plaintiff's situation was a reasonably foreseeable consequence of that negligence. The exact or precise injury need not have been foreseeable, but a defendant may be found to be a "cause" of the harm within the meaning of these instructions if a reasonably careful person, under similar or the same circumstances as the defendant, would have anticipated that injury to a person in the plaintiff's situation might result from the defendant's conduct.

JURY INSTRUCTION NO. <u>22</u>

If more than one act or failure to act contributed to the claimed injury, then each act or failure to act may have been a "cause" of the injury within the meaning of these instructions. A cause does not have to be the only cause or the last or nearest cause. It is sufficient if the act or failure to act joins in a natural and probable way with some other act or failure to act to cause some or all of the claimed injury.

JURY INSTRUCTION NO. 23

A defendant's liability is limited to those damages for which it actually is responsible. In cases involving pre-existing conditions, the first question is whether damages can be apportioned between those that were pre-existing and those that were caused by the defendant. If so, the defendant is liable only for that portion of the damage that it caused (i.e., the aggravation of the pre-existing condition or new injuries). On the other hand, if the plaintiff can show that the defendant aggravated a pre-existing condition but the damages cannot be apportioned between those that were pre-existing and those that were caused by the defendant, the defendant is liable for the entire harm.

If you can apportion damages between those existing before this occurrence (pre-existing) and those resulting from this occurrence, then you should award only those damages caused by this occurrence.

If you cannot apportion damages between this occurrence and the pre-existing condition, then you should award all damages incurred since this occurrence, including those for the pre-existing condition.

JURY INSTRUCTION NO. <u>24</u>

You must fix the amount of money, if any, that will reasonably and fairly compensate Plaintiff for those elements of damage proved by the evidence, taking into consideration the nature, extent, and duration of the injury.

The claimed elements of damage are:

    a.   Permanent physical harm experienced as a result of the injuries.

    b.   Loss of enjoyment of life, past and that reasonably probable to be experienced in the future.

    c.   The physical pain and suffering experienced as a result of the injuries, past and those reasonably probable to be experienced in the future;

    d.   The emotional distress experienced as a result of the injuries, past and those reasonably probable to be experienced in the future;

The award for this specific element should not duplicate the award given or any other element of damage.

Whether any of these elements have been proved is for you to determine.

JURY INSTRUCTION NO. <u>25</u>

In the event you find that A.A. is entitled to damages arising in the future, you may consider how long A.A. is likely to live.  The age of A.A. at the time of trial is 7 years and 1 month. In 2020, the average life expectancy of a white female age 7 is 73.25 years. This figure is not conclusive. You may consider this in connection with other evidence relating to the probable life expectancy of the A.A., bearing in mind that some persons live longer and that some persons live less than the average.

JURY INSTRUCTION NO. <u>26</u>

There is no formula the court can give you for the determination of damages for permanent physical harm, loss of enjoyment of life, physical pain and suffering, emotional distress, or any future damages as may be reasonably probable to arise.  It is not necessary that any witness shall have expressed any opinion as to the dollar amount of these damages.  Your award, if any, should be such sum as will fairly and adequately compensate the Plaintiff.  Any amount awarded rests within your sound discretion and is for you to determine, taking into consideration the evidence in this case and from your knowledge, observation, and experience in life.  Any award should be for what damages are reasonable and just.

JURY INSTRUCTION NO. <u>27</u>

A person has the duty to take reasonable steps under the circumstances to reduce her

injuries and damages. Any damages resulting from a failure to take such reasonable steps cannot

be recovered.

JURY INSTRUCTION NO. <u>28</u>

The fact that damages or injury occurred is not, in itself, sufficient to show that Defendant

caused the damages.

JURY INSTRUCTION NO. 29

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

JURY INSTRUCTION NO. <u>30</u>

The verdict must represent the considered judgment of each of you.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

JURY INSTRUCTION NO. <u>31</u>

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in Court. A form of special verdict has been prepared for your convenience.  You will take this form to the jury room and the foreperson shall sign the form with their juror number after you have reached a unanimous verdict.

JURY INSTRUCTION NO. <u>32</u>

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

JURY INSTRUCTION NO. <u>33</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case other than in writing, or orally here in open Court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person--not even to me--how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.